IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2017 APR 27 P 12: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KELSEY TYRELL JONES, | * |
| Plaintiff, | * |
| vs. | * |
| OFFICER CURBIE TOLES, | * |
| Defendant. | * |

2:17-cv-263

## COMPLAINT

### PARTIES

1. Plaintiff is a resident of Escambia County, Alabama.

2. Defendant Officer Curbie Toles is, upon information and belief, a resident of the State of Alabama. He was at all times pertinent employed at the Kilby Correctional Facilty as a Correction Officer. Toles is sued in his individual and official capacities.

### JURISDICTION and VENUE

3. All matters occurred in the Correctional Facility Plaintiff was housed in Montgomery County, Alabama. Therefore venue is proper.

4. This matter is a lawsuit alleging excessive force by a state custodial officer under 42 USC 1983, therefore this Court has jurisdiction over this case and claims set out herein.

## STATEMENT OF FACTS

5.  On or about May 25, 2015, Defendant Officer Toles was on duty as a jailer related to inmates at Kilby Correctional Facility.

6.  On the same day and time, Plaintiff Kelsy Tyrell Jones was an inmate (post-conviction) at the same institution.

7.  Defendant Officer Toles entered the section of the Facility where Plaintiff was housed.

8.  Plaintiff and some other inmates were near their beds (bunks).

9.  Defendant Officer Toles told Plaintiff to "catch a rack". This means that the inmate is being requested to get in their bunk.

10. Plaintiff asked Defendant Officer Toles, respectfully, why was being singled out and others were not being asked to get in their bunks.

11. At this point Defendant Officer Toles, without justification or reason, started repeatedly hitting Plaintiff about the face and head with his fists.

12. Plaintiff's actions did not justify force of any sort.

13. Defendant Officer Toles' action are without justification and were excessive and constituted an assault and battery.

14. As a result Plaintiff was injured; he was contused, and suffered injuries to his ear resulting in hearing loss in addition to other injuries.

15. Defendant's actions were in violation of the Eighth Amendment of the Constitution of the United States of America.

## COUNT ONE

## 42 USC 1983 - Excessive Force – Eighth Amendment

16. Plaintiff adopts and re-alleges all preceding paragraphs as if fully set forth herein.

17. Defendant's actions were malicious and without justification and/or necessity.

18. Defendant's actions constitute cruel and unusual punishment.

19. Defendant's actions constituted an unreasonable assault on Plaintiff's person in violation of the Eight Amendment of the Constitution of the United States of America and actionable under and pursuant to 42 USC 1983.

WHEREFORE premises considered, Plaintiff demands judgment against Defendant for compensatory and punitive damages, in addition to attorney's fees, and such other and further relief Plaintiff may be entitled.

Respectfully submitted,

/S. JOSHUA BRISKMAN (BRISS5912)
Attorney for Plaintiff

OF COUNSEL:

**BRISKMAN & BINION, P.C.**
205 Church Street (36602)
Post Office Box 43
Mobile, AL 36601
*T:* 251.433.7600
*F:* 251.433.4484
jbriskman@briskman-binion.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

**Officer Curbie Toles**
**℅ Kilby Correctional Facility**
**12201 Edna Brake Lucas Drive**
**Montgomery, AL  36117**